IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action Number 2:05-cv-01034-UWC |
| v. | ) ) | |
| VULCAN LINCOLN MERCURY, A DIVISION OF SERRA AUTOMOTIVE GROUP, | ) ) ) | |
| Defendant. | ) | |

CONSENT DECREE

I.     INTRODUCTION

On May 18, 2004, Plaintiff, Equal Employment Opportunity Commission, ("EEOC"), filed a Complaint against Vulcan Lincoln Mercury, a Division of Serra Automotive Group[1], ("Defendant" or "Vulcan") (hereinafter collectively referred to as the "parties"), alleging that Vulcan violated §704(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-3(a), by discharging Martha Manwarring, Pamela Stevens and Cheryl Williams because they participated in an internal investigation of an EEOC Charge of Discrimination.

Vulcan was served with a summons and Complaint on June 6, 2005. The Answer to the Complaint has not been filed.

Although Vulcan denies the allegations in the Complaint, the parties have resolved their differences and have agreed that this action should be settled by entry of this Consent Decree.

---

[1] The correct legal name of the defendant is Vulcan Lincoln-Mercury, Inc.

1

II.     GENERAL PROVISIONS

The parties, being desirous of settling this action, do hereby enter into this Consent Decree which shall remain in effect for three years, subject to modifications as described below.

Vulcan denies that it has committed any of the violations alleged by the EEOC and this Consent Decree shall not constitute an adjudication or finding on the merits of the case, shall in no manner be construed as an admission by Vulcan of any violation of Section 704(a) of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-3(a), or used as evidence of liability, res judicata, or collateral estoppel in any other legal proceeding against Vulcan.  This Consent Decree is binding upon the parties as to the issues resolved herein.  The claims resolved by this Decree are those which were alleged in the Charges of Discrimination numbered 130-2003-02590, 130-2003-02591 and 130-2005-02592, which are the basis for the above-styled lawsuit.  The parties agree that this Consent Decree does not resolve any charges which may be pending with EEOC, or which may be filed in the future with EEOC, other than the charges specifically referenced in this Consent Decree.

This Consent Decree shall be come effective upon its entry by the Court and the term thereof shall commence from the date of entry.

For purposes of this Consent Decree, all reports due should be submitted to Eunice H. Morrow ("Ms. Morrow"), Senior Trial Attorney, EEOC, Birmingham District Office, Ridge Park Place, 1130 22nd Street South, Suite 2000, Birmingham, Alabama 35205.

III.    AFFIRMATIVE AND MONETARY RELIEF

    A.      This Consent Decree constitutes a complete resolution of all claims that were alleged under Title VII in the EEOC's Complaint in this lawsuit.

B. The parties execute this Consent Decree with the following stipulations;

1. Vulcan will pay claimants Martha Manwarring, Pamela Stevens and Cheryl Williams a total sum of $330,000.00, which sum includes claimants' attorneys fees, consistent with the terms and conditions of the separate agreements entered into between and among Vulcan and the claimants. Documentation evidencing payment will be mailed to Ms. Morrow.

2. Martha Manwarring, Pamela Stevens and Cheryl Williams will execute the Release of Claims attached hereto as Exhibit "A".

3. The parties shall each bear their own expenses and attorneys' fees associated with this lawsuit.

C. Vulcan will not retaliate in any manner against Martha Manwarring, Pamela Stevens and Cheryl Williams or any person who participated in this lawsuit or in the investigation of EEOC Charges numbered 130-2005-02590, 130-2005-02591 and 130-2003-02592.

D. Vulcan will remove all documents and references to the charges of discrimination filed by Martha Manwarring, Pamela Stevens and Cheryl Williams from their personnel files. Vulcan will further provide the agreed upon neutral references for Martha Manwarring, Pamela Stevens and Cheryl Williams. A copy of the agreed upon recommendation is attached as Exhibit "B".

E. Within 30 days of entry of this Consent Decree, Vulcan will post the Notice attached hereto as Exhibit "C" in a location typically used for the posting of

notices to employees, visible to all employees. The Notice will remain posted for a period of twelve months from the entry of this Consent Decree.

IV. INJUNCTIVE RELIEF

    A. Vulcan, its officers, managers (including supervisory employees), and successors will not take any adverse employment action against any current or former employee of Vulcan because he or she files or participates in the investigation of any EEOC charge of discrimination, opposes or protests any employment practice or policy he or she reasonably believes violates Title VII of the Civil Rights Act of 1964, as amended, or participates in or is a party to any action filed under Title VII.

    B. Beginning January 2, 2006, and quarterly thereafter, on the first of the month, for the duration of this Consent Decree, Vulcan will report to EEOC the results of any internal investigation of any oral or written complaints made to Joe Dorian, Mac Wise, or Mark Slaughter, that deal with allegations that they receive of violations of Title VII of the Civil Rights Act of 1964, as amended. This report will include a summary of the allegations, the results of the investigation and what, if any, action(s) Vulcan took in response to the complaint(s). The report will also identify by name, address and home telephone number, each complainant or witness who was separated from employment for any reason, including resignation, and the reason for separation, during the preceding quarter. Vulcan further agrees, upon request, to provide to the EEOC copies of all documents relevant to such investigation, including complaints, witness statements, any final

       report or recommendation of action, and the results of any investigation, as well as all records of adverse employment cation taken as to any person who participates in the investigation or lawsuit. Vulcan also agrees that, upon request, EEOC may inspect the premises, require production of any relevant documents and interview witnesses (including managers) who may possess relevant information concerning any complaint of retaliatory discipline or discharge. EEOC's receipt of this information does not alter Vulcan's obligation to comply with the law.

C.     Within sixty days of the entry of this Consent Decree, Vulcan will submit to EEOC a revised statement which informs executives, area directors, managers, supervisors and employees that Vulcan will not tolerate sexual harassment against any Vulcan employee or applicant. The policy will also state that Vulcan will not tolerate retaliation against any employee or applicant who complains of sexual harassment, lodges a complaint of discrimination against Vulcan alleging sexual harassment by Vulcan, its executives, area directors, officers, agents, managers and supervisors, or is a witness in any investigation concerning such complaints.

D.     EEOC will submit any suggested modifications or changes to the policy to Vulcan within thirty days of receipt thereof. EEOC's silence or approval of the proposed policy shall not alter Vulcan's obligation to comply with the law.

E.     Within 180 days of the entry of this Consent Decree, Vulcan will adopt the revised policy and distribute the revised policy to all executives, officers, agents, managers, supervisor, and employees. At least annually, thereafter, for the duration of this Consent Decree, Vulcan shall redistribute the revised policy to all

executives, officers, agents, supervisors and employees.

F. Within sixty days of the entry of this Consent Decree, Vulcan also will provide EEOC with a revised method for investigating allegations of violations of Title VII, which is to include an outline of the investigation process, a means for preserving witness testimony, assurances of confidentiality to the extent possible, and an anti-retaliation provision. This document will include a statement to be given to all witnesses advising the witness of his or her right to consult with an attorney of his/her choice, the right to receive a copy of any statement signed by the witness, and the right to be free from any adverse employment action as a result of his/her testimony. EEOC will submit any suggested modifications, changes or comments to Vulcan within thirty days or receipt thereof. EEOC's silence or approval of the proposed poli cy will not alter Vulcan's obligation to comply with the law.

G. Within sixty days of the entry of this Consent Decree, and each year thereafter, for the duration of this Decree, Vulcan will train its executives, harassment complaint investigators, managers (including supervisors) and all hourly employees on the rights of an employee to be free from employment decisions based on retaliation. Vulcan may include, but is not required to include, training conducted by EEOC under its Employer Specific Training Program. The following will be required under the training program:

1. Within 180 days of the entry of this Consent Decree, and annually thereafter, Vulcan will provide training on how to investigate complaints

of discrimination under Federal employment laws and particularly Title VII, and on the appropriate actions to take upon the completion of the investigation to those individuals responsible for investigating harassment complaints. This provision shall remain in effect for the duration of the Consent Decree. Vulcan will notify Ms. Morrow of the training dates at least two weeks in advance of the training. EEOC reserves the right to send a representative to observe the training.

2. Within 180 days of the entry of this Consent Decree and annually thereafter, Vulcan will provide training to its executives, managers, agents and supervisory employees on federal employment laws and specifically Title VII of the Civil Rights Act of 1964, as amended, in the form of at least two two-hour seminars by instructor(s) of Vulcan's choice. During this training, Vulcan will distribute its revised anti-harassment/retaliation policy and have attendees review it. The executives, managers, agents and supervisory employees who attend the training sessions will sign an acknowledgment of understanding the policy and an acknowledgment of the consequences of failing to follow the policy. This provision will remain in effect for the duration of this Consent Decree. Vulcan will notify Ms. Morrow of the training dates at least two weeks in advance of the training. EEOC reserves the right to send a representative to observe the training.

3. Within 180 days of the entry of this Consent Decree, and annually

thereafter, Vulcan will provide training to all of its non-management employees at Vulcan on retaliation under Title VII of the Civil Rights Act of 1964, as amended, in the form of at least a one-hour seminar by instructor(s) of Vulcan's choice. The employees who attend the training sessions will be required to sign an attendance roster or verification of attendance. During this training, Vulcan will distribute its revised anti-harassment/retaliation policy and review the same with attendees. This provision will remain in effect for the duration of this Consent Decree. Vulcan will notify Ms. Morrow of the training dates at least two weeks in advance of the training. EEOC reserves the right to send a representative to observe the training.

H. As part of is hiring process, Vulcan will provide a presentation on Vulcan's revised anti-harassment/retaliation policy. New hires will sign an attendance sheet evidencing that he or she has attended the orientation. Vulcan will also solicit any questions from the new hires regarding its revised policy.

I. Vulcan will send a copy of the Consent Decree to the Chief Executive Office (CEO) of Vulcan. The CEO will sign a notice evidencing that he/she has read and understands the Consent Decree. This will be done within sixty days of the entry of this Consent Decree.

V. RECORD RETENTION AND REPORTING

Unless otherwise specified herein, all quarterly, semi-annual and annual reports, compliance documents and proposed changes in policies and training relating to the anti-

harassment and anti-retaliation policy shall be provided to EEOC c/o Eunice H. Morrow, Equal Employment Opportunity Commission, Ridge Park Place, 1130 22nd Street South, Suite 2000, Birmingham, Alabama 35205.  EEOC's receipt of and comments on this information do not alter Vulcan's obligation to comply with the law.

VI.     MODIFICATION OF TERMS OF THE CONSENT DECREE

After the expiration of two years, Vulcan may apply to the Court to shorten the term of this Consent Decree, and, absent a showing of good cause by EEOC, the Court may shorten the term as appropriate.

VII.    DISPUTE RESOLUTION AND COMPLIANCE

During the term of the Consent Decree, the Court will retain all available equitable powers, including the power to order injunctive relief, to enforce this Consent Decree.  Upon motion of either party, the Court may schedule a hearing for the purpose of reviewing compliance with or awarding injunctive relief pursuant to this Consent Decree.  The parties shall engage in good faith efforts to resolve any dispute as to compliance prior to seeking review by the Court, and shall be required to give notice to each other within ten business days before moving for such review. Both parties may conduct expedited discovery under the Federal Rules of Civil Procedure for purposes of determining compliance with this Decree or defending against a claim of non-compliance, with fifteen business days for notice for deposition, entry to premises, access to documents, and responses to written discovery.

Upon consideration of the above, the Court hereby approves this Consent Decree and IT IS SO ORDERED.

Done this 31st day of October, 2005

                          U.W. Clemon
                 Chief United States District Judge